By the Court.—Speir, J.
The point in the case is, whether the defendants can be released from their liability upon their undertaking as sureties upon an appeal to the general term of this court, upon the ground that they failed to justify after being excepted to by the plaintiff.
The understanding is a contract made by the defendants, based upon a sufficient consideration to uphold it. They “jointly and severally, without any conditions, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars,” “and also they will pay the amount directed to be paid by the said judgment” (judgment appealed from), if it be affirmed, “and all damages which shall be awarded against the said appellant.”
The complaint alleges that, thereafter, and on or about November 3, 1880, the said judgment appealed from was affirmed, and that the sum of $98.6 costs, damages and disbursements of said appeal, was duly entered against the said appellant, and that the appellant had paid no part of such moneys.
The contract was clearly broken, and the plaintiff had a right of action to recover the amount of the judgment appealed from, and the costs of the appeal, unless it is necessary that the complaint should allege-that the sureties should actually justify after the plaintiff had given them notice so to do. The sureties accompanied their undertaking by their affidavits, severally specifying that they were each worth twice the sum named in their undertaking.
It was competent for the plaintiff to waive the justification of the sureties after he had excepted to their sufficiency, as that is a matter required for his protection, and not for that of the appellant or her sureties (Ward v. Whitney, 3 Sand. 399). Even if no affidavit *389 of the sureties had been served with the undertaking, is it a nullity ? Security is not required to perfect the appeal; but, except when it is otherwise specially prescribed by law, the appeal does not stay the execution of the'judgment or order appealed from (Code Civ. Pro. § 1351). The excuse given by the sureties for refusing to justify was the death of the defendant after the undertaking and affidavits had been executed and served. By section 815 of the Code this undertaking was not affected by a change of parties. It may be said, I think, that the sureties are, in law, liable upon the proper execution and delivery of the undertaking, all else in regard to. it is simply matter of practice.
Judgment must be affirmed, with costs to the plaintiff.
Sedgwick, Ch. J., concurred.